SMITH *v.* MITCHELL and others.

SAME *v.* HIVELEY and others.

*(Circuit Court, S. D. California.   October 3, 1887.)*

PUBLIC LANDS—ISSUANCE OF PATENT—CERTIFICATES OF PURCHASE.
 Plaintiff, in ejectment, relied upon a certificate of purchase for the land in controversy, regularly issued by the state of California. Defendant relied upon a patent from the same source, also in due form. *Held,* that under Pol. Code Cal. § 3556, before due foreclosure, the land-office could not issue a patent for land for which a certificate had been regularly issued.

*Edward R. Taylor,* for plaintiff.
*Wells, Van Dyke & Lee,* for defendants.

ROSS, J.   The cases above entitled are of the same nature, and were tried and submitted together.   The land involved in one is a part of a sixteenth, and in the other, a part of a thirty-sixth, section.   The plaintiff in each case relies for a recovery upon a certificate of purchase, regularly issued by the state of California to one whose interest in the premises vested by assignment in the plaintiff, prior to the commencement of the action.   By the terms of the statute under which these certificates were issued, such certificates are made *prima facie* evidence of title, and they, together with all rights acquired thereunder, are also expressly made subject to sale by deed or assignment.   Clearly, therefore, plaintiff is in each case entitled to recover, unless the *prima facie* case thus made out has been overcome.   In each, the defendants pleaded the statute of limitations, but the proof adduced in support of the plea was insufficient to show adverse possession on the part of the defendants, or either of them.   Defendants in each case also pleaded title in themselves, and in support thereof introduced in evidence a patent (in form) for the land, from the state to the grantors of the defendants, together with the proceedings upon which such patents were based.   Those proceedings were initiated long subsequent to the issuance of the certificates of purchase under which the plaintiff claims, and were, in my judgment, without authority of law, and therefore void.   While a patent is an instrument of great solemnity, and, in a court of law, is conclusive of all matters properly determinable by the land department, when its action is within the scope of its authority, nevertheless, if, under the law, the officers of that department have no jurisdiction to act, their pretended conveyance of the land is of no validity, even though it be issued in the form of a patent.   *Smelting Co.* v. *Kemp,* 104 U. S. 636.

In the cases at bar, at the time of the initiation of the proceedings upon which the patents are based, there were outstanding certificates of purchase for the same land, which had been duly and regularly issued, and which were then in full force and effect.   Under such circumstances there was no authority in the officers of the land department to entertain any application for the purchase, or to take any step looking to the sale, of

the same land, to other and different parties. The statute makes ample provision for the contest of applications for the purchase of such lands as those in suit, and provision is also made for the foreclosure of all interest of delinquent purchasers. But when an application to purchase is duly approved, after or without contest, and a certificate of purchase regularly issued upon it, the land is not again subject to entry and sale, until after judgment foreclosing the interest of the purchaser or the holder of the certificate. "*After* judgment foreclosing the interest of the purchaser or the holder of the certificate has been entered, and the certified copies filed, the land," says the statute, "is again subject to entry and sale." Pol. Code, § 3556. Manifestly, *before* such foreclosure, the land for which a certificate has been regularly issued is not so subject. It results that plaintiff in each case is entitled to judgment.

Counsel for plaintiff will prepare findings and judgment in accordance with this opinion.